70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karol SAWICKI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70695.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1995.*
Decided Dec. 1, 1995.
 
 Before: WRIGHT, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner's first argument is that the IJ and BIA ignored his evidence of persecution. We review the BIA decision, not the IJ's. Castillo v. INS, 951 F.2d 1117, 1120 (9th Cir.1991). The BIA did not ignore Mr. Sawicki's evidence. They examined it carefully, and said they found it insufficiently corroborated and lacking in substance. "Reversal is warranted only where the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). Mr. Sawicki presented some evidence of persecution for political opinion under the old government, but there was also evidence that he had continued to be employed by the government, had been promoted, had been given opportunities to travel abroad, and had been given shore leave in which he did not jump ship and seek asylum. There was substantial evidence supporting the BIA's conclusion.
 
 
 3
 Petitioner's second argument is that he was deprived of due process of law because the IJ and BIA took judicial notice of the change of government in Poland without sufficient notice to Mr. Sawicki that they intended to do so. We review administrative notice decisions for abuse of discretion. Castillo-Villagra v. INS, 972 F.2d 1017, 1028 (9th Cir.1992). The INS offered its evidence regarding the change of government in Poland at the beginning of the hearing before the IJ. Mr. Sawicki did not object. The IJ took great care to give Mr. Sawicki a full opportunity to explain what he feared if he returned, and how the change of government might affect him. Mr. Sawicki did not offer much evidence that anything bad would happen to him:
 
 
 4
 [Judge]: What would be your opinion as to what would happen to you if you [sic] to return to Poland today under the Presidency of Mr. Walesa? Do you have any opinion?
 
 
 5
 [Mr. Sawicki]: I can't tell you anything. They would pat me for sure.
 
 
 6
 ....
 
 
 7
 [Judge]: Well are you telling me that you think you would be jailed or shot?
 
 
 8
 [Mr. Sawicki]: I can't tell you right now, I can't.
 
 
 9
 [Judge]: All right.
 
 
 10
 [Mr. Sawicki]: There are changes in the .. in the government.
 
 
 11
 * * *
 
 
 12
 [Judge]: a person seeking asylum must be very specific and direct as to why he believes he is entitled to asylum....
 
 
 13
 [Mr. Sawicki] It's not .. it wasn .. it is not .. it is not present time just yet to go back to those ti .. this time when I was beaten, where they would kick me. I don't want to talk about it.
 
 
 14
 This was an extension of due process to petitioner, not a denial of it. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993); Getachew v. INS, 25 F.3d 841, 845 (9th Cir.1994).
 
 
 15
 Petitioner's third argument is that his case was decided on the basis of the country report instead of being given the individualized consideration to which he was entitled. Each case must be evaluated individually. Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985). Mr. Sawicki's case was. The BIA decision does not appear to rely on the country report at all, at least expressly, though there would be nothing wrong with considering it, along with the other evidence. It is evident from the record that Mr. Sawicki's case was considered individually, not rubber stamped on the basis of the country report.
 
 
 16
 Mr. Sawicki's fourth argument is that the IJ erred by not instructing Mr. Sawicki to get legal representation. Aliens have the privilege of being represented by counsel, at their own expense, at deportation hearings. 8 U.S.C. Sec. 1252(b); Acewicz, 984 F.2d at 1062. INS regulations require immigration judges to: (1) notify an alien at his deportation hearing of his right to representation at no expense to the government; (2) advise him of the availability of free legal services in the district where the deportation hearing is held; and (3) ascertain whether the alien desires representation and has received a list of legal services programs. 8 C.F.R. Sec. 242.16(a); Acewicz, 984 F.2d at 1062. The IJ did all these things, accomplishing the second by assuring that Mr. Sawicki had the list of lawyers volunteering their services at no charge and offering Mr. Sawicki more time if he needed it to get a lawyer.
 
 
 17
 The case at bar is not like Castro-O'Ryan v. INS, 847 F.2d 1307 (9th Cir.1988). In Castro-O'Ryan, the alien said he had a lawyer but could not afford to bring him from San Francisco to Arizona for the hearing, but the IJ went ahead anyway. The colloquy in Castro-O'Ryan contrasts dramatically with that in this case:
 
 
 18
 [Judge]: Now, I want to tell you that you have the right to be represented by an attorney in these proceedings at no cost to the United States Government, or you can go ahead and speak for yourselves.
 
 
 19
 If you tell me you need more time to try to get a lawyer, I will give you more time. Or, if you want to, we can proceed right now on your own. What do you wish to do?
 
 
 20
 [Interpreter for Mr. Lukomski and Mr. Sawicki]: We'll do it today.
 
 
 21
 [Judge]: You want to speak for yourselves, both of you?
 
 
 22
 [Interpreter]: And if they want to take somebody to take care of they case, how long time it will take? [sic]
 
 
 23
 [Judge]: If you want to get a lawyer, you have to get the lawyer. I cannot appoint a lawyer for you. Now, do you want to proceed presently and speak for yourselves?
 
 
 24
 [Interpreter]: Yes.
 
 
 25
 The second hearing took place four months later, on January 30, 1991; sufficiently later for Mr. Sawicki to obtain representation if he so desired. The IJ reminded Mr. Sawicki that he had previously waived counsel, and Mr. Sawicki did not request counsel.
 
 
 26
 Petitioner's arguments did not support a fear of future persecution if he returned to Poland. The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3